UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> -against- <br><br> ADRIAN SANCHEZ, <br><br> Defendant. | 17-cr-123 (LAP) <br><br> ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is the Defendant Adrian Sanchez's pro se motion for a sentence reduction, dated February 6, 2024. (See dkt. no. 1049 [the "Motion"].) On March 27, 2024, the Government filed a letter opposing Defendant's Motion (see dkt. no. 1056), and on February 10, 2024, the Government supplied a supplemental victim statement (see dkt. no. 1082). For the reasons set forth below, Defendant's Motion is DENIED.

I. **Background**

    On March 15, 2017, the Superseding Indictment was filed, charging Defendant with one count of participating in a narcotics conspiracy in violation of 21 U.S.C. 841(b) and 846 ("Count One"), one count of conspiring to commit robberies affecting interstate commerce in violation of 18 U.S.C. 1951 ("Count Two"), and one count using and possessing a firearm in furtherance of the conspiracy in Count One in violation of 18 U.S.C. 924(c)(1)(A)(i) ("Count Three"). (See dkt. no. 8.) Defendant pleaded guilty to

1

all three counts on September 27, 2017.  (See dkt. no. 219 at 5:1-19.)  The parties to the plea agreement stipulated to a total offense level of 27 and a criminal history category of II.  (See dkt. no. 405 at 2.)  This resulted in a sentencing range of 138-57 months imprisonment and a minimum sentence of 120 months imprisonment. (See id.)

This Court sentenced Defendant on March 13, 2018.  (See dkt. no. 479 ["Sent. Tr."].)  The Court found Defendant's offense level was 27.  (See id. at 2:17-20.)  It added two criminal history points under U.S.S.G. 4A1.1(d) because Defendant committed the crime when he was on post-supervision release.  (See id. at 5:7-23.)  The two additional points moved Defendant into criminal history category II. (See id.)  He was sentenced to 78 months on Count One, 70 months on Count Two to run concurrently, and 60 months on Count Three to run consecutively to the sentences on Counts One and Two for a total of 138 months imprisonment.  (See id. at 20:23-21:2.)

On November 1, 2023, Amendment 821 of the United States Sentencing Guidelines (the "Guidelines") went into effect.  See United States v. Burton, No. 20 CR. 397 (PGG), 2024 WL 4728491, at *1 (S.D.N.Y. Nov. 8, 2024).  These Guidelines apply retroactively and change the calculation of criminal history points added for defendants who commit an offense "while under any criminal justice sentence, including probation, parole,

supervised release, imprisonment, work release, or escape status." Id. (citing U.S.S.G. § 4A1.1(e) (2023 ed.).) Prior to Amendment 821, courts were to add "2 [criminal history] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2021 ed.).

As a result of the Amendment, Section 4A1.1 now provides that courts add only one criminal history point for defendants who receive at least seven or more criminal history points under the remaining subsections of Section 4A1.1 and who "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (2023 ed.).

## II. Applicable Law

Section 3582(c)(2) permits a court to reduce a defendant's term of imprisonment if the defendant's sentencing range under the Guidelines has been lowered by the Sentencing Commission since the date of the defendant's sentencing. See 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "establishes a two-step inquiry" that courts must follow to determine whether a sentence reduction is appropriate. Dillon v. United States, 560 U.S. 817, 826 (2010). First, the court must determine whether "the

3

defendant in question is eligible for a reduction in sentence, which requires that such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission—namely, § 1B1.10." United States v. Christie, 736 F.3d 191, 194 (2d Cir. 2013) (internal quotations and citation omitted).  If the defendant is found to be eligible for a sentence reduction, then step two requires courts to consider the factors set forth in 18 U.S.C. § 3553(a).  See Dillon, 560 U.S. at 826.

### III. Discussion

Defendant contends his sentence should be reduced in light of Amendment 821.  (See Motion at 2-3.)[1]  The Court finds that while Defendant is eligible for a sentence reduction, the section 3553(a) factors do not warrant one.

#### a. Eligibility

Defendant is eligible for a reduction pursuant to section 3582(c)(2).  A defendant is eligible for a reduction under 3582(c)(2) when his Guidelines range has been lowered as a result of an amendment to the Guidelines.  See U.S.S.G. § 1B1.10.  At sentencing, Defendant's offense level of 27 and

---

[1] Defendant also argues that the Court should consider the circumstances of confinement due to the COVID-19 pandemic in determining his sentence reduction.  Because the Court denies Defendant's motion to reduce his sentence, the Court need not consider Defendant's argument.

4

criminal history category of II resulted in a Guidelines range of 78-97 months imprisonment. See U.S.S.G. § 5(A).[2]  With Amendment 821 in place, Defendant would not have received two criminal history points for committing his offense under supervised release.  See U.S.S.G. § 4A1.1(e) (2023 ed.).  Instead, with those changes, Defendant would have fallen into criminal history category I, resulting in a recommended Guidelines range of 70-87 months.  See U.S.S.G. § 5(A).  Ultimately, Defendant is eligible for a sentence reduction under 3582(c)(2) because his Guidelines range was lowered as a result of Amendment 821.

### b. Whether Reduction is Warranted

The Court, having considered the factors set forth in section 3553(a), concludes the sentence reduction Defendant seeks is not warranted.

As step two of the process, courts consider whether the factors set forth in section 3553(a) warrant a sentence reduction for eligible defendants.  See Dillon, 560 U.S. at 826.  The factors considered are inter alia, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed" to

---

[2] This number is based on Counts One and Two.  Defendant was sentenced to 138 months total because Count Three had a 60-month mandatory minimum.  (See dkt. no. 219 at 10:13-19.)  This minimum is not challenged in the current Motion.

"reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to protect the public from further crimes of the defendant," and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

Weighing these factors, the Court finds the 78-month sentence to be sufficient, but not greater than necessary. First, Defendant's criminal history makes this sentence appropriate. Defendant has been part of the "075" violent narcotics conspiracy and has been arrested nineteen times. (See Sent. Tr. at 16:14-15, 18:23-24.) After receiving a reduction in an earlier sentence imposed, Defendant "came out of prison and immediately went back to selling drugs." (Id. at 19:1-4.) However, this time, Defendant's robbery in October 2016 nearly took the life of an individual. (See id. at 19:12-21.) Considering the offense, this Court noted Defendant's "exceedingly serious conduct need[s] a serious period of incarceration." (Id. at 19:22-24.) Reducing Defendant's sentence would not accomplish that goal.

In addition, the victim wrote to the Court that the prospect of Defendant's release still "makes [him] afraid for [his] safety" (dkt. no. 1082 at 1) and that he is "terrified for . . . what [Defendant's] release can mean for [him and his family]" (id. at 2).

6

The Court's observations from sentencing remain just as true today: "there is a need for a serious period of incarceration to protect the public from other crimes of this [D]efendant."  (Id. at 20:2-4.)  Accordingly, the Court finds the section 3553(a) factors mandate that Defendant's sentence remain at 138 months imprisonment.

The Court finds Defendant's 78-month sentence remains sufficient, but not greater than necessary, in light of the section 3553(a) factors.  As such, the Court denies Defendant's motion to reduce his sentence.

## IV. Conclusion

For the aforementioned reasons, Defendant's Motion (dkt. no. 1049) is DENIED.  The Clerk of the Court is respectfully directed to close docket entry 1049.

**SO ORDERED.**

Dated:    May 14, 2025
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge